**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bethel Aram Ministries, | No. CV-08-8043-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Internal Revenue Service, | |
| Defendant. | |

The United States has filed a motion to dismiss. Dkt. #12. The motion has been fully briefed. Dkt. ##17-19. For reasons stated below, the Court will grant the motion.

**I.    Background.**

Frederic and Elizabeth Gardner operated a book store through a corporation they formed, Maranatha Enterprises, Inc. ("Maranatha"). In 1993, the Internal Revenue Service ("IRS") began placing liens on the Gardners' assets for their alleged failure to pay employment taxes associated with the operation of Maranatha. One of the assets subject to the liens is real property located at 33500 Black Canyon Road, Black Canyon City, Arizona ("Black Canyon Property").

In September 2005, the Gardners and Bethel Aram Ministries filed suit in this District against an IRS revenue agent, the IRS, and the United States. *See Gardner v. IRS Revenue Agent*, CV-05-2852-PCT-NVW. The complaint asserted a wrongful levy claim and sought review of the IRS's determination that seizure of the Gardner's property was legal. *Id.*,

1   Dkt. #1. On July 27, 2006, Judge Wake issued an order granting the defendants' motion to
2   dismiss. *Id.*, Dkt. #31.

3   **II.     This Suit.**

4   Plaintiff Bethel Aram Ministries filed a quiet title action against the IRS in state court
5   on February 15, 2008. Dkt. #1-4. Plaintiff alleges that in 1993, prior to any IRS liens being
6   placed upon it, the Black Canyon Property was transferred from the Gardners to Bethany
7   Trust and thereafter was donated to Plaintiff by the trustee, Elizabeth Gardner. *Id.* ¶ 4. The
8   complaint asserts a wrongful levy claim on the ground that neither "Bethany Trust nor Bethel
9   Aram Ministries were the taxpayers when the lien was filed against the property." *Id.* ¶¶ 5-6.
10  The case was removed to this Court. Dkt. #1.

11  **III.    The Government's Motion to Dismiss.**

12  The Government argues that this action is barred by the doctrine of res judicata.
13  Dkt. #13 at 3-5. The Court agrees.

14  The complaint in this case, like the complaint in Judge Wake's case, asserts that the
15  Black Canyon Property has been subjected to a wrongful levy by the IRS. *Compare*
16  Dkt. #1-4 ¶ 5, CV-08-8043-PCT-DGC *with* Dkt. #1 at 20-21, CV-05-2852-PCT-NVW.
17  Judge Wake dismissed the wrongful levy claim on the merits, and final judgment was entered
18  in favor of the IRS and against Plaintiff. *See* CV-05-2852-PCT-NVW, Dkt. ##31-32. The
19  Ninth Circuit affirmed, finding that "Beth-el Aram Ministries did not state a claim for
20  wrongful levy because the levy was placed on property in which the Gardners had an interest
21  at the time the lien arose." *Id.*, Dkt. #38-2 at 2.

22  "The doctrine of res judicata provides that 'a final judgment on the merits bars further
23  claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127
24  F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153-54
25  (1979)). Because Plaintiff's wrongful levy claim in this action is the same as the one asserted
26  by Plaintiff in Judge Wake's case, the final judgment in Judge Wake's case bars this action
27  on res judicata grounds. *See id.*; *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th
28  Cir. 1997) (doctrine of res judicata bars a claim where there is an identity of claims, an

1  identity of parties, and a final judgment on the merits).

2       Plaintiff asserts that the doctrine of res judicata does not apply (Dkt. #17 ¶ 5), but fails
3  to explain why.  The contention that Plaintiff is not attempting to re-litigate the issues
4  asserted and lost before Judge Wake is belied by Plaintiff's request for relief from judgment
5  pursuant to Rule 60(b).  Plaintiff seeks Rule 60(b) relief on the ground that the judgment in
6  Judge Wake's case was "based on incomplete, mistaken information and fraud."  Dkt. #17
7  ¶ 7. The request for relief under Rule 60(b) is untimely and should have been made to Judge
8  Wake.  *See* Fed. R. Civ. P. 60(c)(1) (requiring Rule 60(b) motions based on mistake, new
9  evidence, or fraud to be made within one year after the entry of judgment); *Nevitt v. United*
10 *States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

11 **IT IS ORDERED:**

12     1.    Plaintiff's motion for extension of time to file response (Dkt. #15) is **granted**.

13     2.    Defendant's motion to dismiss (Dkt. #12) is **granted**.

14     3.    The Clerk is directed to **terminate** this action.

15 DATED this 15th day of April, 2009.

David G. Campbell
United States District Judge